1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | Case No.  1:24-cv-00013-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| TUTOMER, *et al.*, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| Defendants. | |
| | (ECF No. 2) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on January 4, 2024, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  Plaintiff filed a certified copy of his trust account statement on January 4, 2024.  (ECF No. 6.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

///

1

1   physical injury."[1]

2         The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

3   the imminent danger exception to section 1915(g).  *Andrews v. Cervantes*, 493 F.3d 1047,

4   1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that he is suffering from imminent

5   danger and physical bodily harm because he is being involuntarily medicated and wrongfully

6   imprisoned.  (ECF No. 1.)  Although his allegations are difficult to understand, it appears Plaintiff

7   alleges that he attempted to discontinue his medications, but the involuntary medication was

8   ultimately continued following a hearing.  (*Id.* at 6.)  Plaintiff's complaint goes on to allege that

9   the medications cause him harm and he is also being poisoned due to chemicals and drugs present

10   in his food, water, and air vents.  (*Id.*)  Plaintiff seeks monetary relief, as well as discontinuation

11   of all medications, restoration of all good time credits, reopening of his active court cases, receipt

12   of victims compensation, and provision of a federal public defender, among other relief.  (*Id.* at

13   11.)

14         Plaintiff's claims that he is suffering harmful side effects from involuntary medication are

15   insufficient to satisfy the imminent danger exception.  *See Hendon v. Kulka*, Case No. 2:14-cv-

16   2581 AC P, 2015 WL 4637962, at *2 (E.D. Cal. Aug. 3, 2015); *see also Driver v. ADA 1824*

17   *Panels*, Case No. 1:19-cv-1718 SAB PC, 2019 WL 9100333, at *2 (E.D. Cal. Dec. 17, 2019)

18   ("Plaintiff's allegations regarding unlawful *Keyhea* orders, forced medication, and painful

19   injections are too vague and conclusory to establish that Plaintiff was in imminent danger of

---

[1]     The Court takes judicial notice of the following United States District Court cases: (1) *Youngblood v. State of Cal.*, Case No. 2:05-cv-00727-LKK-DAD (E.D. Cal.) (dismissed on September 11, 2006 for failure to state a claim); (2) *Youngblood v. Chico Parole Outpatient Clinic*, Case No. 2:11-cv-02159-GGH (E.D. Cal.) (dismissed on October 21, 2011 for failure to state a claim); (3) *Youngblood v. State of Cal.*, Case No. 4:11-cv-04064-PJH (N.D. Cal.) (dismissed on March 16, 2012 for failure to state a claim); (4) *Youngblood v. Lamarque*, Case No. 4:12-cv-04423-PJH (N.D. Cal.) (dismissed on February 4, 2013 as frivolous and for failure to state a claim); (5) *Youngblood v. Feather Falls Casino*, Case No. 4:13-cv-01282-PJH (N.D. Cal.) (dismissed on February 28, 2013 as frivolous and for failure to state a claim); (6) *Youngblood v. Evans*, Case No. 4:13-cv-02097-PJH (N.D. Cal.) (dismissed on May 14, 2013 as frivolous and for failure to state a claim); (7) *Youngblood v. Warden*, Case No. 4:13-cv-04366-PJH (N.D. Cal.) (dismissed on November 12, 2013 for failure to state a claim); (8) *Youngblood v. Clark*, Case No. 1:15-cv-01746-DAD-BAM (E.D. Cal.) (dismissed on August 15, 2017 for failure to state a claim); (9) *Youngblood v. PBSP Warden*, Case No. 3:16-cv-07119-JSC (N.D. Cal.) (dismissed on August 21, 2017 for failure to state a claim and as barred by the statute of limitations).

     The Court also takes judicial notice of the following United States Court of Appeals cases: (1) *Youngblood v. Lori DiCarlo*, Case No. 16-56366 (9th Cir.) (dismissed on January 17, 2017 as frivolous); (2) *Youngblood v. Briggs*, Case No. 16-16626 (9th Cir.) (dismissed on April 17, 2017 as frivolous); (3) *Youngblood v. Allen*, Case No. 14-15920 (9th Cir.) (dismissed on April 20, 2017 as frivolous).

1    serious physical harm at the time his complaint was filed."), *rep. and reco. adopted*, 2020 WL

2    3451518 (E.D. Cal. June 24, 2020).  Furthermore, as it appears the medications are being

3    administered pursuant to a court order, (*see* ECF No. 1, p. 6), and assuming that the procedural

4    requirements for the forced medication order were met, Plaintiff's allegations would be unlikely

5    to meet the standard for imminent danger.  *See Kulas v. Valdez*, 159 F.3d 453, 455–56 (9th Cir.

6    1998) (noting that forced treatment can only be justified if a neutral fact finder determines that the

7    medication is medically and circumstantially appropriate; prisoners have the right to be present

8    and to be heard at proceedings at which this decision is reached).

9           Finally, the Court finds Plaintiff's allegations that various named and unnamed staff at his

10   institution are poisoning him with drugs and chemicals inserted into his meals, beverages, water,

11   and air vents to be frivolous and therefore insufficient to support a finding of imminent danger.

12   *See Andrews v. Cervantes*, 493 F.3d at 1057 n. 11 ("assertions of imminent danger of less

13   obviously injurious practices may be rejected as overly speculative or fanciful, when they are

14   supported by implausible or untrue allegations that the ongoing practice has produced past harm")

15   (citations omitted); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2009) ("Courts also deny

16   leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.")

17   (citations omitted); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to find

18   "imminent danger" based on "conclusory assertions that defendants were trying to kill [the

19   inmate] by forcing him to work in extreme weather conditions despite his blood pressure

20   condition"); *K'napp v. Beard*, 2014 WL 584404, at *2 (E.D. Cal. Feb. 12, 2014), adopted, 2014

21   WL 1034000 (E.D. Cal. Mar. 17, 2014) (conclusory allegations of "retaliation, harassment,

22   indifference, discrimination, oppression and abuse" insufficient); *Holz v. McFadden*, 2010 WL

23   3069745, at *3 (C.D. Cal. May 21, 2010), adopted, 2010 WL 3069740 (C.D. Cal. Aug. 5, 2010)

24   ("[M]erely alleging that the government is going to murder you is not enough to pass through the

25   gateway of the imminent danger exception to § 1915(g).").

26          Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

27   District Judge to this action.

28   ///

3

1    Further, it is HEREBY RECOMMENDED that:

2    1.   The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28

3         U.S.C. § 1915(g); and

4    2.   Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this

5         action.

6                                               * * *

7    These Findings and Recommendations will be submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

9    **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

10   file written objections with the court.  The document should be captioned "Objections to

11   Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file

12   objections within the specified time may result in the waiver of the "right to challenge the

13   magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

14   (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

15

16   IT IS SO ORDERED.

17   Dated:  __**January 9, 2024**__          ____/s/ *Barbara A. McAuliffe*_____

18                                            UNITED STATES MAGISTRATE JUDGE

4