# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>            Plaintiff,<br><br>    v.<br><br>TUTOMER, *et al.*,<br><br>            Defendants. | Case No.  1:24-cv-00013-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jesse L. Youngblood ("Plaintiff") is a state prisoner proceeding *pro se* in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

On January 9, 2024, the undersigned issued findings and recommendations that Plaintiff's motion for leave to proceed in forma pauperis be denied.  (ECF No. 8.)  The findings and recommendations, and Plaintiff's objections thereto, (ECF No. 9), are currently pending before the assigned District Judge.  Plaintiff's complaint has not yet been screened.

**I.    Motion for Injunctive Relief**

On July 1, 2024, Plaintiff filed a motion requesting injunctive relief.  (ECF No. 12.) Although difficult to understand, it appears Plaintiff is requesting a court order against all "opposing parties" and "defendants" that will require them to take preventive measures to mitigate circumstances pertaining to all damages, losses, and injuries past and ongoing, that Plaintiff alleges he will undergo.  Plaintiff alleges that these illegal actions cause serious damages

1

and physical harm and subject Plaintiff to imminent danger, cruel and unusual punishment, and deprive him of his constitutional rights.  Plaintiff requests an order directing all defendants/opposing parties to not poison, sedate, vex, scrutinize, harass, drug, annoy, assault, record, approach, infringe, libel, slander, touch or tamper with, film, violate, use restraints, punish, kidnap, falsely imprison, hold hostage, threaten, perjure, use chemical agents, or search him, or to do anything else contrary to law and that would deny Plaintiff of this civil rights action.  Plaintiff states that at the present time his life is in danger and is threatened, and he is subject to physical harm and injuries as well as involuntary psych medication.  (*Id.*)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, at this time the Court lacks personal jurisdiction over any defendants or other unspecified CDCR staff who may be covered by Plaintiff's broad request.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that this action cannot be used by Plaintiff to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

**II.     Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief, (ECF No. 12), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 2, 2024**         /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE